# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JOSEPH P. CARSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:10-CV-56 |
| | ) (Phillips) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner, Joseph P. Carson, acting *pro se*, filed a complaint against respondent, the United States Department of Justice (DOJ), alleging that respondent failed to respond timely to his request for records. Respondent DOJ has moved to dismiss the complaint on the grounds that petitioner has received all the relief he seeks in his complaint and there is no live controversy for the court to consider. Thus, respondent avers the court lacks subject matter jurisdiction over the complaint, and it should be dismissed. For the reasons which follow, the respondent's motion to dismiss will be granted.

Respondent has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). This rule provides that a party may move to dismiss an action by motion based on lack of jurisdiction over the subject matter. In analyzing a motion under Rule 12(b)(1), a court must make a distinction between motions which attack the complaint

on its face and those which attack the existence of subject matter jurisdiction in fact. *RMI Titanium Co. v. Westinghouse elec. Corp.,*, 78 F.3d 1125, 1134 (6th Cir. 1996). As to "facial" attacks, the challenge is that the plaintiff has not faithfully recited all the jurisdictional predicates necessary for a court to exercise subject matter jurisdiction. *Id.* As to "factual" attacks, the challenge is the actual existence of a court's jurisdiction over the subject matter. *Id.* A court is obligated to dismiss an action in the absence of subject matter jurisdiction, either on its own motion or by suggestion of a party. 2 *Moore's Federal Practice* § 12.30[1] (Matthew Bender 3rd Ed.) (citing *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir. 1995)).

When the motion to dismiss is based on a "factual attack," no presumptive truthfulness applies to the complaint's factual allegations and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *RMI Titanium Co.,* 78 F.3d at 1134. If the facts are in dispute, the court can exercise wide discretion to consider affidavits, documents outside the complaint, and even conduct a limited evidentiary hearing. *Id..* Consideration of matters outside the pleadings, however, does not convert the Rule 12(b)(1) motion into a Rule 56 motion, as it would under a Rule 12(b)(6) motion. *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 195-16 (6th Cir. 1986). Here, respondent makes a factual attack as to the existence of subject matter jurisdiction, asserting that the record shows that no case or controversy exists for this court to adjudicate, thus rendering petitioner's claim moot.

Under Article III, Section 2, of the Constitution, federal courts have authority to adjudicate only ongoing cases or controversies, and this requirement is no longer met when the dispute has become moot. *Cleveland Nat. Air Show, Inc. v. U.S. Dep't of Transp.,* 430 F.3d 757, 761 (6th Cir. 2005) (citing *Chirco v. Gateway Oaks, LLC*, 384 F.3d 307, 309 (6th Cir. 2004)). A case becomes moot "when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)).

The Freedom of Information Act (FOIA), 5 U.S.C. § 552 provides that any person has the right to request access to federal agency records or information. All government agencies, as defined by 5 U.S.C. § 552(f), are required to disclose records upon receiving a written request for them, except for those records that are exempt from disclosure under the Act. The FOIA requires that an individual submit a reasonably specific request for information that complies with the agency's published rules for making a FOIA request. 5 U.S.C. § 552(a)(6)(i). If a request is initially denied, in whole or in part, an individual may file an administrative appeal with the agency. 5 U.S.C. § 552(a)(6)(A)(i). The Act confers jurisdiction upon the district courts to enjoin an agency form withholding non-exempt agency records and to order the production of any records improperly withheld from the requesting party. 5 U.S.C. § 552(a)(4)(B); *Perry v. Block*, 684 F.2d 121, 125 (D.C.Cir. 1982). Therefore, if an agency releases in full all records responsive to a request,

the controversy ceases to exist and the case becomes moot. *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C.Cir. 1987) (finding FOIA claims moot once the agency released all non-exempt material to the plaintiff).

Here, the record shows that petitioner submitted his FOIA request on November 14, 2009, seeking "any records related to the DOJ's compliance with 5 U.S.C. § 2302(c)." Three separate components of DOJ were processing petitioner's FOIA request – the Office of Information Policy (OIP); the Justice Management Division (JMD); and the Federal Bureau of Investigation (FBI). By letter dated December 11, 2009, OIP acknowledged, on behalf of the Attorney General, receipt of petitioner's FOIA request and informed petitioner that a copy of his request also would be sent to JMD and the FBI for processing. Between December 11, 2009 and August 18, 2010, OPI, JMD and the FBI processed petitioner's request and appeals.

On January 27, 2010, JMD sent a letter to petitioner responding to his FOIA request with attached documentation. On April 15, 2010, JMD sent a follow-up letter to petitioner confirming that the January 27 letter contained the agency's entire response to petitioner's FOIA request. Appeal rights were included in the April 15 letter. Petitioner appealed this response, and on August 16, 2010, OIP affirmed that JMD had conducted a search for records responsive to petitioner's request and had provided all documents found to petitioner.

On April 8, 2010, OIP sent its final response to petitioner's FOIA request, which included three documents, totaling fourteen pages. Petitioner appealed this response, and on May 27, 2010, OIP affirmed that the agency had conducted a search for records responsive to petitioner's request and had provided all documents found to petitioner.

On July 19, 2010, the FBI sent is final FOIA response to petitioner and released 31 pages of information, some with partial redactions that were explained by the application of statutory exemptions provided for under the FOIA. Petitioner appealed this response, and on August 18, 2010, OIP affirmed that the FBI had conducted a search for records responsive to petitioner's request and had provided all documents found to petitioner.

Petitioner has submitted no evidence to suggest that any of these agencies was not acting in good faith regarding the attention given to his requests or the time of the responses. As petitioner's complaint challenges only the tardiness of the SEC's response to his FOIA request, his claim was rendered moot by the agency's responses. Final appeal decisions were sent by OIP on May 27, 2010 (as to the OIP response); August 16, 2010 (as to the JMD response); and August 18, 2010 (as to the FBI response). The court finds there is nothing more that DOJ is required to do to respond to petitioner's FOIA request, and the relief petitioner seeks through this action has been fully provided.

Moreover, Federal courts have held that suits challenging the tardiness of an agency's response are rendered moot by the agency's subsequent response to the FOIA request. *See Voinche v. Federal Bureau of Investigation*, 999 F.2d 962, 963 (5th Cir. 1993); *Murillo v. United States Dep't of Homeland Security*, 2007 WL 1944406 (N.D.Tex. June 28, 2007); *Adenodi v. United States Dep't of Justice*, 2007 WL 701136 (E.D.La Mar. 1, 2007); *Amaya-Flores v. Dep't of Homeland Security*, 2006 WL 3098777 (W.D.Tex. Oct. 30, 2006); *DiModica v. United States Dep't of Justice*, 2006 WL 89947 (S.D.N.Y. Jan. 11, 2006).

## Conclusion

Because petitioner has already obtained all the relief he seeks in his complaint, there is no live controversy for this court to adjudicate. Without a case or controversy, the court lacks subject matter jurisdiction. Accordingly, respondent's motion to dismiss the complaint [Doc. 22] is hereby **GRANTED**, and this action is **DISMISSED, with prejudice.**

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge